UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **PETER TRUMPER,** § | |
| § | |
| **Plaintiff,** § | |
| VS. § | **CIVIL ACTION NO. H-04-4157** |
| § | |
| **TRAVELERS INDEMNITY COMPANY,** § | |
| § | |
| **Defendant.** § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's motion to vacate the arbitration award in this case, on the ground that the arbitrator exceeded her power and disregarded clearly applicable law by certifying a collective action for the purposes of arbitration. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 50, should be and hereby is **DENIED**.

Defendant first argues that the applicable Texas law prohibits class arbitration absent a specific contract provision authorizing such arbitration. The contract at issue in this case concededly contains no such provision. As Defendant itself points out, however, "Texas courts have long held that the [Federal Arbitration Act (FAA)] and decisions construing it are the substantive law of Texas." (Def.'s Mot. to Vacate Arbitration Award at 7; *see also Capital Income Props.-LXXX v. Blackmon*, 843 S.W.2d 22, 23 (Tex. 1992).) And, as the Supreme Court held in 2003, class arbitration is permissible under the FAA wherever the governing contract does not expressly prohibit such arbitration. *Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444, 451-52 (2003) (holding that the certification question is one of contract interpretation to be decided by an arbitrator in a case where the contract language does not expressly address the issue);

*see also Pedcor Mgmt. Co. v. Nations Personnel of Texas, Inc.*, 343 F.3d 355, 360 (5th Cir. 2003) (adopting the *Green Tree* analysis, which looks to whether an arbitration clause "clearly forbid[s] class arbitration").  Although Defendant argues that the arbitration clause at issue here implicitly prohibits class arbitration by using language that contemplates a single party on each side of an arbitrable dispute, the Fifth Circuit held, in *Pedcor*, that class arbitration could be conducted pursuant to just such a contract.  343 F.3d at 360 (quoting *Green Tree*).  Defendant's argument is, therefore, unavailing.

Defendant also contends that the arbitration award should be vacated on the independent ground that the arbitrator impermissibly relied upon the American Arbitration Association's (AAA) Supplementary Rules for Class Arbitrations.  While Defendant is correct in stating that Rule 3 of the Supplementary Rules forbids arbitrators to consider those Rules in deciding whether to certify a class for arbitration, however, the Supreme Court has held that "even 'serious error' on the arbitrator's part foes not justify overturning his decision, where, as here, he is construing a contract and acting within the scope of his authority."  *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 510 (2001).  Disregard of the Supplementary Rules is not a ground for vacatur of an arbitration award.  *See* 9 U.S.C. § 10(a) (providing for vacatur of an award that is procured by corruption or fraud or results from partiality, misconduct, or overreaching on the part of the arbitrator); *Brabham v. A.G. Edwards & Sons Inc.*, 376 F.3d 377 (5th Cir. 2004) (recognizing manifest disregard of the law and arbitrary and capricious action as grounds for vacatur, but noting the stringency of these standards).

As Defendant concedes, it was Defendant, not Plaintiff, that asked this Court to issue a stay "pending arbitration of Plaintiff's claim in accordance with [Travelers']

Employment Arbitration Policy." (*See* Def.'s Mot. to Vacate at 2 (internal quotation marks omitted; brackets in original).) It was, moreover, Defendant that chose to include an arbitration provision in Plaintiff's employment agreement in the first place. Defendant should, in the future, be more cautious in challenging, on such insubstantial ground, the results of a procedure that it so willingly invoked. The Court finds that Defendant's Motion to Vacate, Docket No. 50, should be and hereby is **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 9th day of January, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**